UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80614-CIV-MARRA

ST. CHARLES MERICE,

    Plaintiff,
vs.

WELLS FARGO BANK, N.A. and
Nationstar MORTGAGE, LLC

    Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Nationstar Mortgage LLC's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (DE 9). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

Plaintiff St. Charles Merice ("Plaintiff") brings this one-count Complaint pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(k) ("RESPA") against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Nationstar Mortgage, LLC ("Nationstar") (collectively, "Defendants"). (Compl. ¶ 1, DE 1.) On August 15, 2006, Plaintiff executed a promissory note in the amount of $253,520.00 and secured this debt with a mortgage. (Note, DE 5-1.) Wells Fargo commenced a foreclosure action on May 2, 2012 in the Circuit Court of Fifteenth Judicial Circuit, in and for Palm Beach County. (Compl. ¶ 13.) Plaintiff applied for a loan modification to Nationstar on or about September 18, 2014. (Compl. ¶¶ 14, 18.) Pursuant to the modification, Plaintiff made four payments in the amount of $7,586.60, which commenced

in January of 2015 and terminated April 13, 2015. (Compl. ¶ ¶ 19, 21-22.)

The state court entered a final judgment of foreclosure on August 14, 2014 and directed the clerk of court to sell the property on December 12, 2014.  (Final Judgment, DE 5-2.)   On December 8, 2014, Wells Fargo[1] filed a motion to cancel the foreclosure sale and set a hearing for December 10, 2014. (State court docket, DE 27.)  The state court denied the motion to cancel the foreclosure sale on December 10, 2010. (Id.)  On March 16, 2015, the property was purchased by Wells Fargo for $600.00. (Id.)

The instant Complaint was filed on May 13, 2015 and seeks a judgment to vacate the certificate of title and sale as well as damages.

Nationstar contends that this Court does not have subject-matter jurisdiction over this action pursuant to the *Rooker-Feldman* doctrine.

II.  Discussion

*Rooker-Feldman* Doctrine

Nationstar argues that the *Rooker-Feldman* doctrine requires the Court to dismiss this action for lack of subject-matter jurisdiction. Under the *Rooker-Feldman* doctrine, federal district courts may not exercise appellate jurisdiction over state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). Congress has granted the Supreme Court such appellate jurisdiction, but (aside from limited exceptions[2]) it has empowered district courts with only

---

[1] The state court docket states that this submission was "F/B Plt's Atty."

[2] For example, Congress has explicitly authorized district courts to exercise federal habeas review of state prisoners' petitions. *See* 28 U.S.C. § 2254(a) (2012); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 n.8 (2005). Congress has also granted district courts jurisdiction to hear bankruptcy appeals. 28 U.S.C. § 158 (2012).

original jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); *Nicholson v. Shafe*, 558 F.3d 1266, 1271–72 (11th Cir. 2009). The doctrine takes its name from the only two cases in which the Supreme Court has applied it: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

In *Rooker*, parties who lost in state court brought suit in federal district court to have the state-court judgment "declared null and void" because it allegedly violated several constitutional provisions. 263 U.S. at 414–15. The Supreme Court held that "no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original." *Id.* at 416 (internal citations omitted).

In *Feldman*, the District of Columbia Court of Appeals denied two applicants' requests for waivers from a bar-admission requirement. 460 U.S. at 468–73. The applicants sued in federal district court seeking an injunction allowing them to be admitted to the bar or to sit for the bar exam, as well as declarations that the D.C. court's actions violated the Fifth Amendment and federal antitrust laws. *Id.* The Supreme Court held that, because the denials of the waiver requests were judicial in nature, the district court lacked subject-matter jurisdiction over the claims that were "inextricably intertwined" with the denials. *Id.* at 486–87. But the Court also held that there was subject-matter jurisdiction over the claims to the extent they generally challenged the validity of the bar rules themselves rather than the denials. *Id.* at 487. The Court noted, but did not decide, the issue of whether *res judicata* precluded review of this part of the applicants' complaints. *Id.* at 487–88.

The Supreme Court clarified the *Rooker-Feldman* doctrine in *Exxon*. It observed that

lower courts had construed the doctrine "far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law." *Exxon*, 544 U.S. at 283.  The Court held that *Rooker-Feldman* "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

The *Exxon* Court stressed the narrowness of the doctrine and that "*Rooker-Feldman* does not otherwise override or supplant preclusion doctrine." *Id.* It explained that *Rooker-Feldman* does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Id.* at 293 (quoting *GASH Assocs. v. Vill. of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993) and also citing with approval *Noel v. Hall*, 341 F.3d 1148, 1163–64 (9th Cir. 2003)).

One year after *Exxon*, the Supreme Court re-emphasized the importance of not allowing the *Rooker-Feldman* doctrine to eclipse preclusion law. *See Lance*, 546 U.S. at 466 ("The District Court erroneously conflated preclusion law with *Rooker–Feldman*. . . . *Rooker-Feldman* is not simply preclusion by another name."). Again noting the "narrowness" of *Rooker-Feldman*, the Court warned that if applied too expansively *Rooker-Feldman* would "supplant" Congress's directive to apply state law in deciding what effect to give state-court judgments. *Id.* at 464, 466.

4

"Incorporation of preclusion principles into *Rooker-Feldman*" the Court explained, "risks turning that limited doctrine into a uniform *federal* rule governing the preclusive effect of state-court judgments, contrary to the Full Faith and Credit Act." *Id.* at 466.

While this case was filed after the state court's final judgment of foreclosure and seeks a judgment to vacate the certificate of title and sale, Plaintiff also seeks damages for RESPA violations. Significantly, the Eleventh Circuit has repeatedly held that the remedy sought by the plaintiff may be dispositive as to whether the plaintiff's claim invites the district court to "review and reject" a state-court judgment in violation of *Rooker-Feldman*. *See, e.g.*, *Drees v. Ferguson*, 396 F. App'x 656, 658 11th Cir. 2010) (per curiam). In *Drees*, the plaintiff sued a state family court judge under 42 U.S.C. § 1983 alleging that the judge's rulings in a child custody proceeding violated her constitutional rights. *Id.* at 657. She sought to have the judge's rulings declared void as well as monetary damages. *Id.* at 657–58. The Eleventh Circuit held that *Rooker-Feldman* applied to the claim for equitable relief: "Plaintiff sought to have the federal court 'review and reject' the state court proceedings *because she wished to have Defendant's rulings declared void as a matter of law*." *Id.* at 658. (emphasis added). *Rooker-Feldman* did not apply, however, to the claim for monetary damages and the court proceeded to address that claim on the merits. *Id.* ("[T]he *Rooker–Feldman* doctrine does not apply when a party seeks money damages for the state court's alleged constitutional deprivations."). The distinction appears to be that an award of monetary damages would not nullify or reverse the state-court judgment.[3]

---

[3] This does not mean that *Rooker-Feldman* is inapplicable to every claim for monetary damages. There may be situations where awarding monetary damages would effectively nullify or reverse a state-court judgment. Similarly, *Rooker-Feldman* does not always apply whenever

The Eleventh Circuit made a similar distinction in *Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669 (11th Cir. 2014). In *Arthur*, plaintiffs sued JP Morgan in state court for damages and injunctive relief based on alleged fraudulent and criminal misconduct in prior foreclosure proceedings. *Id.* at 671. According to the plaintiffs, JP Morgan filed false or fraudulent documents with multiple misrepresentations in each of their state foreclosure proceedings. *Id.* at 672. JP Morgan removed the case to federal district court, and the court subsequently dismissed all the claims on various grounds. *Id.* at 672–73.

Among other arguments, the Eleventh Circuit addressed whether *Rooker-Feldman* applied to the claims for common law fraud and violations of the Florida RICO Act. *Id.* at 674. The court explained that the claims would not effectively nullify the state court judgment because the plaintiffs "seek money damages for alleged criminal and fraudulent conduct in the *generation* of foreclosure related documents." *Id.* at 675. The court also noted that there was no indication that the plaintiffs raised the issue of fraud in the state foreclosure proceeding. *Id.* "Instead of seeking to nullify the state court judgment," the plaintiffs sought "to bypass any findings in the state court judgment that would be adverse to them in this suit." *Id.* In such a situation, where "a plaintiff seeks to relitigate a suit that has been decided against him, he is not so much attacking as trying to bypass the judgment in that suit; and the doctrine that blocks him is res judicata." *Id.* (quoting *Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 1995)).

The court also explained a second, independent reason *Rooker-Feldman* did not apply. The injuries of which the plaintiffs complained "flow[ed] at least in part from the generation of

---

the plaintiff seeks non-monetary relief. *See, e.g.*, *Feldman*, 460 U.S. at 487 (holding that district court had subject-matter jurisdiction over challenge to validity of bar rule underlying the D.C. court's decision).

the foreclosure documents and not solely from the issuance of the state court judgment." *Id.* The court distinguished between cases where the plaintiff sought relief from a state-court judgment itself as opposed to where the plaintiff sought damages for an adversary's actions in a prior proceeding. *Id.* at 675–76 (comparing *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1263 (11th Cir. 2012), with *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 383 (5th Cir. 2013)). The plaintiffs' claims, the Eleventh Circuit concluded, were the type of "independent claims" contemplated in *Exxon* as they were "independent claims of criminal or fraudulent conduct that might 'den[y] a legal conclusion that a state court has reached.'" *Id.* at 676 (alterations in original) (quoting *Exxon*, 544 U.S. at 293).

Again in *Kohler v. Garlets*, the requested relief was dispositive on the question of whether *Rooker-Feldman* applied. 578 F. App'x 862, 864 (11th Cir. 2014) (per curiam). The plaintiff brought suit in federal court against a mortgagor and her attorneys to challenge a mortgage foreclosure on his property. *Id.* at 863. The court held that *Rooker-Feldman* barred the claims to the extent the plaintiff "claimed he was injured by the state court's foreclosure order and seeks 'a determination as to the title and rights and interests' of the foreclosed-upon property." *Id.* at 864. But, to the extent the complaint "raise[d] an independent damages claim against [the mortgagor] and her attorneys based on alleged misconduct during the state foreclosure proceedings," *Rooker-Feldman* did not apply. *Id.* This was because "a challenge to the defendants' conduct in state proceedings does not necessarily seek appellate review and reversal of the state court judgment." *Id.* The Eleventh Circuit quoted with approval a Sixth Circuit decision "holding that the *Rooker–Feldman* doctrine does not bar '*independent claims* that . . . state court judgments were procured by certain Defendants through fraud,

7

misrepresentation, or other improper means.'" *Id.* (alteration in original) (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006)).

Most recently, in *Fortson v. Georgia*, the Eleventh Circuit affirmed the dismissal of a complaint against a state and state-court judge seeking an order declaring certain state-court orders void, a ruling that certain state statutes were unconstitutional, and damages. 601 F. App'x 772, 773 (11th Cir. 2015) (per curiam). Notably, the court held that *Rooker-Feldman* applied "[t]o the extent Forston requested the district judge void any state judgments," but it affirmed dismissal of the other claims on non-jurisdictional grounds. *Id.* at 775.

As noted supra, Plaintiff seeks both monetary damages and an order vacating the certificate of title and sale. Awarding monetary damages would not void, vacate, reverse, or otherwise modify the state-court judgment. *See Sophocleus*, 605 F. Supp. 2d at 1215–16 ("[A] federal court may hear claims about a state-court 'legal conclusion'—even if the state courts have previously rejected that claim or if it would undermine the state-court judgment—in contrast to its utter prohibition from hearing claims that would vacate a state-court judgment."). On the other hand, ordering the vacating of the certificate of title and sale would run afoul of *Rooker-Feldman*.[4] Thus, the Court finds subject matter jurisdiction over the claims for damages, but not

---

[4] Plaintiff states that he was not given a reasonable opportunity to raise his claim in the state court proceeding. Specifically, Plaintiff claims Wells Fargo's twenty-four hour notice of hearing on the motion to cancel the foreclosure sale prohibited his participation. Plaintiff, however, was a party in the state case and did not file a motion for reconsideration, an appeal of the foreclosure or an objection to the sale pursuant to Florida Statute § 45.031(5). Cf. United States v. Napper, 887 F.2d 1528, 1534 (11th Cir. 1989) (because the plaintiff did not have reasonable opportunity when it was denied intervention in the state court, the Rooker-Feldman doctrine did not apply). Thus, the Court rejects Plaintiff's argument that he was not given a reasonable opportunity to raise his claim in the state court proceeding. See Rolon v. One West Bank FSB, No.15-cv-305, 2015 WL 2374130, at * 1 (M.D. Fla May 18, 2015) (claim for injunctive relief to enjoin foreclosure auction is barred by *Rooker-Feldman* when "[the]

the claims for equitable relief. Nationstar's motion to dismiss for lack of subject matter jurisdiction is granted in part and denied in part.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Nationstar's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (DE 9) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of March, 2016.

_____
KENNETH A. MARRA
United States District Judge

---

[p]laintiffs were free to present these arguments in the state court foreclosure proceeding and there is no evidence or allegation that they were not given a reasonable opportunity to do so.")